UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  Case Nos.: 3:08cr116/MCR/CJK
 3:11cv482/MCR/CJK

**GREGORY LAMONT MOSES**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 72, 76). The Government has moved to dismiss this motion as untimely (doc. 81), and Defendant filed a response and two notices of supplemental authority (docs. 85, 86, 88). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied and dismissed as it is both untimely and without merit. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

Defendant pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine and possession of an unspecified quantity of cocaine on a date certain (doc. 1). Co-defendant Sean Imiri Waters was charged with two additional counts involving firearms (*id*.). The Government filed a notice of enhancement information identifying three prior felony drug convictions arising out of three separate jurisdictions (doc. 33). Represented by appointed counsel Donald Sheehan, Defendant entered a plea of guilty pursuant to a written plea agreement on December 18, 2008 (doc. 38).

The Presentence Investigation Report ("PSR") was disclosed to the defense on February 23, 2009 (doc. 42). Defendant's adjusted offense level was 27, but because of the application of the career offender guideline, his total offense level was 34. (PSR ¶¶ 38–47). He had ten criminal history points, but due to his career offender status, his Criminal History Category was VI (PSR ¶ 63). The applicable guidelines range was 262 to 327 months. Defense counsel moved for a variance from the guidelines, arguing that the career offender guideline was not factually and legally justified due to the circumstances of Defendant's case (doc. 43).

The court sentenced Defendant at the low end of the applicable guidelines range to concurrent terms of 262 months imprisonment and a fine of $1000 (doc. 48). Defendant appealed and the Eleventh Circuit affirmed his sentence on October 7, 2009, finding that the enhancements he challenged on appeal had no impact on his sentence, since the sentence was based on his career offender status (doc. 70).

Defendant filed nothing further until he filed the instant motion to vacate on September 25, 2011.¹ In the motion, Defendant separates his claims into two grounds for relief, each relating to counsel's alleged failure to object to the use of his prior convictions to enhance his sentence in the instant case. The Government has moved to dismiss the motion as untimely.

## LEGAL ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's convictions and sentences on October 7, 2009 (doc. 70). Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition

---

¹A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed). Defendant's motion was dated, and thus deemed filed, on September 25, 2011.

expired (i.e., ninety days after the entry of the court of appeals' judgment).[2] *Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002); *Hill v. United States*, 444 F. App'x 419 (11th Cir. 2011). Defendant's judgment of conviction became final on January 5, 2010, and his motion was not filed until September 24, 2011 (doc. 72 at 6). Therefore, it is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones*, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights.

---

[2] The issuance of the mandate, on April 21, 2011 (*see* doc. 137), has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

*United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)).

Defendant did not address the timeliness of his motion in his initial submissions. In his traverse, however, he argues for the first time that equitable tolling should apply in his case due to "gross attorney misconduct." Defendant notes that in April of 2009, in anticipation of the denial of his direct appeal, he retained attorney Dennis E. Boothe to file a § 2255 motion in his behalf. Defendant includes copies of correspondence between the two men, as well as his own sworn statement (doc. 85, exhs. 1– 4). Defendant avers in his statement that during his communications with Mr. Boothe, Defendant requested that counsel file his § 2255 motion even before the Eleventh Circuit ruled on his direct appeal, because he was concerned about the timeliness of his filing (*id*., exh. 4). Counsel reassured Defendant that counsel was monitoring the direct appeal and would file the § 2255 motion "the moment the court denies" the appeal (*id*., exhs. 3, 4). In August of 2011, after Defendant had not heard from either counsel or the court, he called the Clerk of Court, who told him that there was no § 2255 motion on file in his case (*id*. exh. 4). It was only after this that he attempted to call counsel, only to discover that counsel's phone had been disconnected (*id*.). Defendant called the Florida Bar to file a complaint and learned that counsel had died in 2009.[3] Defendant claims that if counsel had not "misled" him into believing that counsel would file the § 2255 motion, Defendant would have filed the motion himself or paid someone else to do it for him well within the one year time period (*id*.). Defendant also notes that counsel misadvised him that the statute of limitations would be tolled for federal

---

[3]The court has confirmed that counsel died on December 31, 2009.

Case Nos.: 3:08cr116/MCR/CJK; 3:11cv482/MCR/CJK

purposes while he exhausted his state court remedies with respect to the underlying state convictions he sought to challenge (*id*., exhs. 1, 4).  Despite this assertion, he does not indicate what, if any, state court habeas petitions he filed before filing the instant § 2255 motion.

Essentially, Defendant's position is that counsel told him in July of 2009 that counsel would file the § 2255 motion immediately after an appellate decision was issued in his case.  The Eleventh Circuit issued its opinion on October 7, 2009 and the mandate issued on November 5, 2009 (doc. 70).  Defendant apparently had no further communication with counsel after the July 2009 letter, and his first inquiry about the status of his § 2255 motion was made not to counsel but to the clerk of court, in August of 2011.

The court cannot engage in speculation whether a client with an active file would not have been notified of counsel's death soon thereafter.  Nevertheless, in light of the concerns expressed in Defendant's letters to counsel in April and June of 2009, Defendant's failure to attempt to contact counsel between July of 2009 and August of 2011 is incongruous, and inconsistent with ordinary diligence. Thus, the court is not persuaded that Defendant exercised diligence in the pursuit of his claims such that he has met the heavy burden of showing entitlement to equitable tolling.  To allay any concerns, however, the court will briefly discuss the merits of Defendant's claims.

Defendant contends that his trial counsel was constitutionally ineffective because he failed to object to the use of Defendant's prior convictions to qualify him for the career offender enhancement under § 4B1.1 of the guidelines.  Defendant claims that the convictions were "insufficient to qualify" as career offender

predicates, that the Government failed to prove the convictions, and that the convictions "were not controlled substance offenses" (doc. 72 at 4). None of these arguments has merit.

In order to qualify as a career offender, a Defendant must have "at least two prior felony convictions of either a crime of violence or of a controlled substance offense." U.S.S.G. §4B1.1(a). The two convictions used to apply this enhancement were found in paragraphs 52 and 53 of the PSR (*see* PSR ¶ 46). There was no objection to the Florida conviction listed in paragraph 53, which involved sale of crack cocaine to a confidential informant, and which was verified by counsel (*see* doc. 57 at 7). Counsel objected to the consideration of the New York conviction in paragraph 52, because he had not been provided with a copy of the judgment or any other records in the underlying case that would support using the case as a basis for the career offender enhancement (PSR ¶¶ 156–158). At sentencing, counsel conceded that the records he had been provided established that his client was the individual convicted in the case in question. He further conceded that the offense conduct was a drug felony under New York law and, hence, that the conviction was a legally proper basis for application of the career offender enhancement (doc. 57 at 7–9). Despite having to concede this portion of his objection, counsel vigorously argued that the conviction should not be counted. Defendant's attorney noted that the date of the challenged conviction only barely fell within the ten year "window" for qualifying offenses, and further, that the underlying offense conduct occurred over two years prior to the actual conviction, and hence outside the ten year period (*id*. at 8, 18–20, 24–28). Counsel offered the alternative argument that a "variance" would be appropriate, both for that reason and because of Defendant's attempts at

cooperation in Escambia County. The court rejected counsel's argument, but sentenced Defendant to the low end of the guidelines range (*id*. at 34).

As this court is well aware, to show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Defendant's claims fail, as he has not established that counsel's performance in this case was constitutionally unreasonable.

In sum, the court finds that Defendant's § 2255 motion is subject to dismissal as untimely, and that in the alternative, the arguments raised therein are without merit.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Government's motion to dismiss (doc. 81) be **GRANTED.**
2. Defendant's motion to vacate, set aside, or correct sentence (doc. 72) be **DENIED and DISMISSED** as it is both untimely and without merit.
3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of December, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**